United States District Court
Southern District of Texas
**ENTERED**
July 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DETORIAN SWAIN, § | |
| TDCJ # 02197375, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-3452 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Detorian Swain, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). Respondent Bobby Lumpkin has filed a motion for summary judgment (Dkt. 7) and a copy of the state court records (Dkt. 8). Swain filed a response (Dkt. 12) and the motion is ripe for decision. After reviewing the pleadings, the motions and briefing, the applicable law, and all matters of record, the Court will **grant** summary judgment for Respondent and dismiss this action as time-barred. The Court's reasons are explained below.

### I.   BACKGROUND

On May 4, 2018, a jury sentenced Swain to 25 years in prison for aggravated robbery with a deadly weapon in Case No. 1526685, 262nd District Court of Harris County (Dkt. 8-28, at 69-70). On June 4, 2019, the appellate court affirmed his conviction. *Swain v.*

*State*, No. 01-18-00377-CR, 2019 WL 2345415 (Tex. App–Hou. [1st Dist.], June 4, 2019, pet. ref'd). On September 11, 2019, the Court of Criminal Appeals refused his petition for discretionary review (PD-0653-19). Swain did not petition the United States Supreme Court for a writ of *certiorari*.

Swain signed an application for state habeas relief on February 14, 2020, and the application was docketed with the state court on February 25, 2020 (Dkt. 8-28, at 4-24) (WR-91,613-01). On September 23, 2020, the Court of Criminal Appeals denied the application without written order (Dkt. 8-25).

Swain placed his federal petition in the prison mailing system on October 12, 2021, and it was docketed on October 18, 2021 (Dkt. 1). Swain brings three claims for relief: (1) his due-process right to a fair trial was denied because the court admitted evidence of an extraneous offense that was insufficiently proven; (2) the admission of the extraneous offense had a substantial and injurious effect on the jury's verdict; and (3) the prosecution failed to prove beyond a reasonable doubt that Swain used a firearm in the offense. Respondent filed a motion for summary judgment and seeks dismissal of Swain's claims under the statute of limitations.

## II.  THE ONE-YEAR STATUTE OF LIMITATIONS

Swain seeks habeas relief under 28 U.S.C. § 2254. His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of" four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id.* § 2244(d)(2).

In Swain's case, the Court of Criminal Appeals refused his petition for discretionary review on September 11, 2019. Swain did not petition the United States Supreme Court for a writ of *certiorari*, and his time to file expired 90 days later, on December 10, 2019. *See* SUP. CT. R. 13.1; *Clay v. United States*, 537 U.S. 522, 525 (2003).[1] His limitations period under § 2244(d)(1)(A) expired one year later, on December 10, 2020. His federal petition, mailed on October 12, 2021, is approximately 10 months late and time-barred unless a statutory or equitable exception applies.

---

[1] Swain does not demonstrate the applicability of any provisions in § 2244(d)(1) that might warrant a later accrual date because he does not identify a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a recently discovered factual predicate for his claims.

Statutory tolling applies during the period when a properly filed state habeas petition is pending in state court. Swain executed his state habeas application on February 14, 2020, before the limitations period expired. His application was pending for 222 days before the Court of Criminal Appeals denied the application on September 23, 2020. When the 222-day tolling period is credited to Swain's limitations period as provided by § 2244(d)(2), his filing deadline was extended from December 10, 2020, to Tuesday, July 20, 2021. Therefore, even after applying statutory tolling, his petition executed on October 12, 2021, was filed more than two months late.

Swain states that his federal petition was delayed because, during the COVID-19 pandemic, his TDCJ unit was on quarantine and the law library was closed, leaving him without access to legal materials (Dkt. 1, at 13). The Court considers Swain's argument under the equitable tolling doctrine.

Equitable tolling is available only in rare and exceptional circumstances. *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). A petitioner is entitled to equitable tolling of AEDPA's limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Application of the doctrine "'turns on the facts and circumstances of a particular case.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)). A petitioner seeking application of the doctrine has the burden to provide supporting facts. *See Fisher*, 174 F.3d

at 715.  "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition.  *Id.* at 714.

Respondent argues that, because Swain's conviction became final in December 2019, he had four months of access to the law library before Governor Abbott declared a state of disaster due to COVID-19 on March 13, 2020.  *See* Governor Abbott Declares State of Disaster in Texas Due To COVID-19 (Mar. 13, 2020), available at https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19 (last visited July 22, 2022).  Respondent further states that Swain presents no specific facts about his diminished access to the law library, such as dates of the lockdown or what legal materials were necessary, arguing that his federal petition presents the same claims he raised in his state proceedings and thus required no additional research.

Swain bears the burden to show that he is entitled to equitable tolling and to provide supporting facts. *See Holland*, 560 U.S. at 649; *Fisher*, 174 F.3d at 715. His response states that, because of the pandemic, he lacked access to the law library from January through May 2020.  Assuming these dates are correct, Swain still would have had more than a year to file his federal petition before the deadline on July 20, 2021.  He thus fails to allege facts that could establish his diligent pursuit of his rights.  Moreover, Swain has not alleged facts that could demonstrate that "the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition." *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis original).

### III.     CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 7) is **GRANTED**.
2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.
3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on _____July 22_____, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE